UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tyrone E. Murray,<br><br>Plaintiff,<br><br>v.<br><br>David J. Shulkin[1],<br><br>Defendant. | Civil Action No. 16-2295 (JDB) |

MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a "Complaint Seeking Documents Pursuant to Privacy Act" against the Secretary of Veterans Affairs, ECF No. 1. His grounds for jurisdiction are the Privacy Act, 5 U.S.C. § 552a, and the Freedom of Information Act ("FOIA"), 5 U.S.C § 552. Compl. at 1. Asserting that it has satisfied its disclosure obligations under FOIA, defendant has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See* Def.'s Mot. for Summ. J., ECF No. 23. In his opposition to defendant's motion, plaintiff disputes defendant's characterization of the complaint as brought under FOIA, and he has also moved for summary judgment. *See* Pl.'s Opp'n to Def.'s Mot. for Summ. J. or in the Alternative Grant Mot. for Summ. J. and Damages in Favor of the Plaintiff, ECF No. 26.

The Court agrees that defendant's FOIA disclosure does not address all of plaintiff's claims but finds the surviving claim based on the Privacy Act's amendment requirements to be unexhausted. Hence, for the reasons explained more fully below, the Court will grant summary

---

[1] By substitution pursuant to Fed. R. Civ. P. 25(d).

1

judgment to defendant on the FOIA claim, deny summary judgment to plaintiff, and dismiss the remaining Privacy Act amendment claim pursuant to 28 U.S.C. § 1915(e).[2]

## I. BACKGROUND

On February 29, 2016, plaintiff submitted a "Request for Documents" to the Board of Veterans Appeals' ("BVA") FOIA/Privacy Act Office. Ex. 1 to Decl. of Tracy Knight, ECF No. 23-2 pp. 11-13 ("Request"). In the 22-paragraph request, plaintiff indicated that he was seeking his records that were the subject of a hearing. Plaintiff wrote that "[t]he Board did not allow me to review my own files, folders, documents, hardcopies or computerized, that Department of Veterans Affairs have concerning me, and that were before Judge Barbara Copeland on February 1, 2016. Request ¶ 1. He then accused the VA of falsifying his records, writing in part:

> The Baltimore Regional Office of Veterans Affairs, US law enforcement, used my son's . . . service connected disabilities and medical records to falsify my VA medical records and appeals' files, folders and records. . . . The VA falsification of my VA records beginning in 2010 were computerized and put into VA's system under my son's VA computerized claim file, my son started his VA claim in 2010 at the same time I caught VABRO falsifying my records March 2010, and again beginning October/November 2010 when my son left Afghanistan and applied for VA benefits. . . . Because of law enforcement's continual surveillance of me, wherever I attempted to get medical treatment or did receive medical treatment, fraudulent medical documents were created, ordered by police.

*Id*. ¶¶ 3, 5, 6. Plaintiff concluded by repeating his request for "my computerized records and documents that Judge Barbara Copeland had before her on February 1, 2016," and he wrote parenthetically: "or my documents illegally held under both mentioned referenced [Board] matters, and too, held under my son's Tyrone E. Murray, [social security number ending in 5694], VA File Number." *Id*. at 13.

---

[2] A court is required to dismiss a case "at any time" if it finds, among other grounds, that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's request was interpreted as seeking a "complete copy of his VA claims file, including any information about any minor children of which the Department is aware." Def.'s Knight Decl. ¶ 5. Such records are maintained in the Veterans Benefits Management System ("VBMS") and are retrieved by the veteran's name, social security number, date of birth, and VA claims file number. A BVA Privacy Officer retrieved plaintiff's file, "using his social security number," and on April 15, 2016, BVA provided plaintiff "a complete unredacted copy of his VA claims file on CD." Knight Decl. ¶¶ 10-11 and Ex. 2. In a letter dated April 20, 2016, plaintiff returned the compact disk and requested hard copies of his records, Ex. 3, which defendant provided on June 5, 2016, Ex. 4.

In a lengthy letter dated July 30, 2016, plaintiff appealed the BVA's decision to the Office of General Counsel ("OGC"). He suggested that not all of his files were produced "[s]ince VA has intentionally and underhandedly put my VA records/files under multiple VA File No[s]. . . . and all other variations of my VA C file number and variations of my social security number." Knight Decl., Ex. 6 at ECF p. 41. Plaintiff further suggested that his electronic files were "commingl[ed]" with his son's files bearing a different social security number and/or another veteran's files bearing yet another social security number. *Id*.

In a letter dated September 15, 2016, addressing "a variety of [plaintiff's] concerns," the OGC first informed plaintiff that "BVA's response constitutes a complete grant of your request for access to your claims file under the Privacy Act. . . . Accordingly, we are taking no further action in that regard." Ex. 7 to Knight Decl., ECF p. 90. OGC next informed plaintiff that to the extent he sought records pertaining to his son, his request was denied because he had no right to access any VA records about his son or such records under another individual's social security number. *Id*. In addition, OGC considered plaintiff's request under FOIA and informed him that "the information you seek about your son and under another SSN are protected from disclosure

3

pursuant to FOIA Exemptions 3 and 6." *Id*. Finally, OGC pointed plaintiff to the VA's Inspector General's Office if he "believe[d] there has been fraud, waste or abuse by VA," and to the FBI or local law enforcement if he 'believe[d] that he or his family [was] in danger," and informed him of his right to file a lawsuit. ECF p. 91.

Plaintiff then filed this lawsuit in November 2016, alleging, among other things, that his "request set out and proved that the VA's Baltimore Regional Office manufactured fraudulent documents, and fraudulent claim's files using variations of my name, variations of my VA file number, and variations of my social security number to justify denying plaintiff's claims for an increase to Service Connected Disability Compensation Benefits." Compl. at 2 ¶ 3.

In response to the complaint, defendant's declarant reviewed plaintiff's July 30, 2016 administrative appeal and determined that "he was arguably asking the VA to search for information related to him within the VA claims file of his son and another, unnamed Veteran." Knight Decl. ¶ 25. As a result, the declarant conducted another search for responsive records, *see id*. ¶¶ 26-34, and concluded that after "multiple searches reasonably likely to locate records responsive to [plaintiff's] FOIA/PA Request/Appeal," no responsive records were found beyond "those contained within [plaintiff's] own VA claims file." *Id*. ¶ 35. The search included "a page by page" review "of all documents of record contained in the VBMS records of Tyrone E. Murray (5694) and the unnamed Veteran (7488). . . . [N]either of those two files contained any documents pertaining to [plaintiff] Tyrone Murray (5570)." *Id*. ¶ 31.

## II. LEGAL STANDARD

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986). The moving party may successfully support its motion by identifying those portions of "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of motion only), admissions, interrogatory answers, or other materials," which it believes demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1); *see also Celotex*, 477 U.S. at 323.

"The rule governing cross-motions for summary judgment . . . is that neither party waives the right to a full trial on the merits by filing its own motion; each side concedes that no material facts are at issue only for the purposes of its own motion." *McKenzie v. Sawyer*, 684 F.2d 62, 68 n. 3 (D.C. Cir. 1982), *abrogated on other grounds by Berger v. Iron Workers Reinforced Rodmen*, 170 F.3d 1111 (D.C. Cir. 1999). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322-23.

**A. Privacy Act**

The Privacy Act "safeguards the public from unwarranted collection, maintenance, use, and dissemination of personal information contained in agency records . . . by allowing an individual to participate in ensuring that his records are accurate and properly used." *Blazy v. Tenet*, 194 F.3d 90, 95 (D.C. Cir. 1999) (citation and internal quotation marks omitted; ellipsis in original). To that end, an agency that receives an individual's request for access to his records "must permit him to review his records and have copies made of all or any portion of the record in a form that is comprehensible to the requester." *Id*. at 96 (citing 5 U.S.C. § 552a(d)(1)). The Privacy Act "gives agencies detailed instructions for managing their records and provides for various sorts of civil relief to individuals aggrieved by failures on the Government's part to comply with the requirements." *Doe v. Chao*, 540 U.S. 614, 618 (2004).

5

An agency must "maintain all records which are used by [it] in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination[.]" 5 U.S.C. § 552a (e)(5). Upon an individual's request for review and correction of records, an agency must provide access and "promptly, either . . . make any correction of any portion [of a record] the individual believes is not accurate, relevant, timely, or complete; or inform the individual of its refusal to amend" and, among other information, the reasons for said refusal. *Id*. § 552a (d)(1)-(2). If dissatisfied with the agency's response, the individual may file a lawsuit for injunctive relief and for money damages when an agency intentionally or willfully fails to comply with the requirements in such a way as to have an adverse effect on an individual. *Id*. § 552a(g)(1), (g)(4). The "Privacy Act allows for amendment of factual or historical errors. It is not . . . a vehicle for amending the judgments of federal officials or . . . others [that ] are reflected in records maintained by federal agencies." *Kleiman v. Dep't of Energy*, 956 F.2d 335, 337 (D.C. Cir. 1992) (quoting *Rogers v. United States Dep't of Labor*, 607 F. Supp. 697, 699 (N.D.Cal. 1985) (second ellipsis in original)).

If a plaintiff prevails in a suit brought under subsection (g)(1)(A), "the court may order the agency to amend the individual's record in accordance with his request or in such other way as the court may direct." 5 U.S.C. § 552a(g)(2)(A). If he prevails in a suit brought under subsection (g)(1)(B), "the court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him." § 552a (g)(3)(A). And if a plaintiff shows that the agency's violations of the Act were intentional or willful and resulted in adverse consequences to him, he may recover no less than $1,000 in "actual damages sustained . . . as a result of the refusal or failure" to maintain accurate records.

§ 552a(g)(4). The Court's review is "de novo," and "the burden is on the agency to sustain its action." § 552a(g)(3)(A).

**B. FOIA**

In a FOIA action, the agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from [FOIA's] inspection requirements.' " *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001) (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)). "FOIA cases typically and appropriately are decided on motions for summary judgment." *Defs. of Wildlife v. U.S. Border Patrol*, 623 F.Supp.2d 83, 87 (D.D.C. 2009); *see also Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011).

FOIA "sets forth a policy of broad disclosure of Government documents in order to ensure an informed citizenry, vital to the functioning of a democratic society." *FBI v. Abramson*, 456 U.S. 615, 621 (1982) (citation and internal quotation marks omitted). Congress recognized, however, that " 'legitimate governmental and private interests could be harmed by release of certain types of information.' " *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 872 (D.C. Cir. 1992) (en banc) (quoting *Abramson*, 456 U.S. at 621). Thus, FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions for specific categories of material." *Milner v. U.S. Dep't of Navy*, 562 U.S. 562, 564 (2011).

"In litigation seeking the release of information under the FOIA, the agency has the burden of showing that requested information comes within a FOIA exemption." *Pub. Citizen Health Research Grp. v. FDA*, 185 F.3d 898, 904 (D.C. Cir. 1999) (internal quotations omitted). An agency can carry its burden by submitting sufficiently detailed affidavits or declarations. *See*

*De Sousa v. CIA*, ___ F. Supp. 3d ___, ___, 2017 WL 943898, at *4 (D.D.C. Mar. 9, 2017). Summary judgment may be based solely on information provided in supporting declarations or affidavits if they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *Larson v. U.S. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." *Larson*, 565 F.3d at 862 (internal quotations omitted).

## III. DISCUSSION

### A. FOIA

Plaintiff vehemently disagrees that his complaint is brought under the FOIA. He asserts: "It is a <u>Material Fact</u> the Plaintiff filed this matter pursuant to 5 U.S.C. § 552a – THE PRIVACY ACT, attempting to get from [the VA] documents and things about myself[.]" Pl.'s Opp'n. or Mot. for Summ. J. at 1 (capitalization and underline in original), ECF No. 26. He offers as another "<u>Material Fact</u>" that "Defendant acted and is still acting in bad faith" because it "continually assert[s] that this matter is under the [FOIA]," and then concludes that defendant's declaration was submitted in bad faith, in violation of Federal Rule of Civil Procedure 56(h).[3] *Id*. at 1-2.

Plaintiff's arguments are simply untenable. The complaint arises from the VA's responses to a "Request for Documents," and it identifies both the FOIA and the Privacy Act as the bases of jurisdiction. Compl. at 1. And although the Privacy Act's primary purpose of ensuring individual control of one's records and the FOIA's primary purpose of ensuring public

---

[3] Rule 56(h) authorizes the Court to sanction a party if it is "satisfied that [the party's] affidavit or declaration . . . is submitted in bad faith[.]"

access to agency records "sometime[ ] work at cross purposes," *Blazy v. Tenet*, 194 F.3d 90, 96 (D.C. Cir. 1999), it is established that the Privacy Act may "not be used as a barrier to FOIA access." *Greentree v. United States Customs Serv.*, 674 F.2d 74, 79 (D.C. Cir. 1982) (citing 5 U.S.C. § 552a(b)(2)). In addition, "[n]o agency shall rely on any [FOIA] exemption . . . to withhold from an individual any record which is otherwise accessible to [him] under [the Privacy Act]." *Id.* § 552a(t)(1). Therefore, agencies routinely process requests for records under both statutes, consistent with the overarching goal of "open government, and especially, accessibility of government records." *Greentree*, 674 F.2d at 76. And once an agency produces all responsive records, the Court has no further statutory duty to perform under FOIA. *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982). Hence, the Court, finding no evidence of agency bad faith, will grant summary judgment to defendant on its factually uncontested FOIA release.

**B. Privacy Act**

Defendant's full disclosure of plaintiff's VA claims file in the hard copy form he requested defeats any claim under the Privacy Act's access provisions. Plaintiff also alleges, though, that defendant has "falsified" documents, which implicates the Act's accuracy and amendment provisions. But that claim must be dismissed for failure to state a claim. The problem is that plaintiff has failed to clearly identify those documents and to show that he "asked the VA to amend any of his records" before filing suit and was denied amendment; consequently, "he has failed to state a claim for a violation of the Privacy Act's amendment provision."[4] *Hunt*

---

[4] The D.C. Circuit has not resolved whether exhaustion under the Privacy Act is a jurisdictional prerequisite to filing suit. But it signals in *Hunt*, 739 F.3d at 707, that a dismissal based on the failure to seek amendment of a record is for failure to state a claim, which is consistent with its analysis of the FOIA's exhaustion requirements. *See Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) ("[W]e conclude that, because exhaustion is a prudential consideration rather than a jurisdictional prerequisite, the district court was not precluded under these circumstances from deciding the merits of Wilbur's FOIA claim notwithstanding his failure to comply with the CIA's FOIA appeal deadline."). Hence, the Court will dismiss what is left of this case because: (1) 28 U.S.C. § 1915(e)(2)(B) requires dismissal "at any time if the court

*v. U.S. Dep't of Veterans Affairs*, 739 F.3d 706, 707 (D.C. Cir. 2014) (per curiam) (citing 5 U.S.C. § 552a(g)(1)). Hence, plaintiff's motion for summary judgment will likewise be denied.[5] *See Hunt v. U.S. Dep't of Veterans Affairs*, 888 F. Supp. 2d 48, 54 (D.D.C. 2012), *aff'd,* 739 F.3d 706 (D.C. Cir. 2014) (concluding that "since plaintiff has not identified an agency record subject to testing for accuracy, the Court must deny his motion for summary judgment because he has not proffered any probative evidence of a Privacy Act violation") (citing *Deters v. United States Parole Comm'n*, 85 F.3d 655, 658 (D.C. Cir. 1996); *Research Air, Inc. v. Kempthorne*, 589 F. Supp. 2d 1, 12 (D.D.C. 2008)).

### IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment as to its release of records under the FOIA and the Privacy Act will be granted and plaintiff's motion for summary judgment will be denied. In addition, plaintiff's Privacy Act amendment claim will be dismissed *sua sponte* without prejudice. A separate order accompanies this Memorandum Opinion.

_____/s/_____
JOHN D. BATES
United States District Judge

Date: September 19, 2017

---

determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted," and (2) "the purposes and policies underlying the exhaustion requirement, namely, to prevent premature interference with agency processes, to give the parties and the courts benefit of the agency's experience and expertise and to compile an adequate record for review," *Wilbur*, 355 F.3d at 677, most certainly apply here.

[5] To the extent that plaintiff is seeking money damages under the Privacy Act for the alleged use of fraudulent documents "to justify denying [his] claims for an increase to Service Connected Disability Compensation Benefits, Compl. at 2 ¶ 3, subject matter jurisdiction is lacking because decisions affecting veterans benefits are the exclusive province of the Court of Veterans Appeals and the United States Court of Appeals for the Federal Circuit. *See* 38 U.S.C. § 502; *Hunt*, 739 F.3d at 707 (citing 38 U.S.C. § 511(a); *Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005); *Price v. United States*, 228 F.3d 420 (D.C. Cir. 2000)).